*473 MEMORANDUM BT THE COURT.
To sustain the plaintiff’s theory in this case and adjudge a recovery it would be necessary for the court to consider in detail the work being done and to be done at the proving ground, and to determine from the extent and nature of this work itself that the use of plaintiff’s teams were “ required.”
It seems quite apparent that the court can not undertake to do this. It is true that there is testimony on behalf of the plaintiff to the effect that while plaintiff’s teams were laid off there was work to be done and that at the expiration of the year the work to be done was not completed, but it is equally true that the officer in charge testifies that at all *474 times when plaintiff’s teams were laid off they were not needed.
The solution of the question must lie in a determination of the true meaning of the contract, particularly in the use of the words “ as may be required.” Is the true answer to be found in the mere fact that to the plaintiff and perhaps to others not charged with responsibility with reference thereto there appeared to be work to be done upon which plaintiff’s teams might have been employed, evidenced further by the fact that at the expiration of plaintiff’s contract there yet remained work to be done, or is it to be found in the judgment of the responsible officer in charge as to the requirements of the work?
To'assume the first proposition is to set aside the judgment of the officer in charge and substitute that of the plaintiff, his witnesses, and the court, while to assume the second proposition is but to recognize the plain necessities of the case and the evident intent of the contract.
We are informed in but the most general way of the nature of the work requiring the use of teams and not at all as to its extent, particular purpose, or natural sequence. But if we were so informed could we undertake to substitute our judgment for that of the officer in charge and say in effect that there was grading to be done on which plaintiff’s teams should have been employed, or that they should have been put at hauling brick or some other possible employment? The work was in charge of an officer, presumably competent,, assigned to that duty and no doubt carrying out a general plan of improvement involving progressive stages to a final purpose to be accomplished as and when his or a superior judgment dictated.
The contract and the circumstances, we think, justify the conclusion that the officer in charge of the work must of necessity determine when teams were required and only bad faith on his part could justify a conclusion as against his judgment.
It was but natural and proper that teams owned by the United States should be kept at work and if other contract teams were worked while plaintiff’s teams were laid off *475 through the operation of a plan adopted by the officer in charge these facts could not amount to a breach of the contract. There was no obligation to apportion or pro rate the work when there was not need for all.
The result of this conclusion may seem to work a hard- - ship on the plaintiff but such must always be the case if damage has resulted without legal liability therefor on the part of the United States.
The petition is dismissed.